09-5265-cr
USA v. Clarke

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of May, two thousand eleven.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> GUIDO CALABRESI,
> PETER W. HALL,
> *Circuit Judges*.

_____

United States of America,

> *Appellee*,

> v.                                                                    09-5265-cr

Winston Clarke,

> *Defendant-Appellant*,

_____

> JAMES M. BRANDEN, Law Offices of James M. Branden, New York, New York, *for Defendant-Appellant Winston Clarke*.

> WINSTON CLARKE, *pro se*, Fort Dix, New Jersey.

> CHI T. STEVE KWOK, Assistant United States Attorney (Loyaan A. Egal, Michael Bosworth, Assistant United States Attorneys, Of Counsel, *on the brief*), for Preet Bharara, United

States Attorney for the Southern District of New York, New York, New York, *for Appellee United States of America.*

Appeal from a judgment of conviction of the United States District Court for the Southern District of New York (Batts, *J.*) sentencing Defendant-Appellant Winston Clarke principally to 180 months in prison for conspiring to distribute and possess with intent to distribute at least 1,000 kilograms of marijuana in violation of 21 U.S.C. § 846. **UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgement of the district court be **AFFIRMED**.

Clarke argues through counsel that certain restrictions imposed by the district court on his cross-examination of a government witness violated the Confrontation Clause of the Sixth Amendment of the United States Constitution. He makes the same argument with respect to an evidentiary ruling by the district court, refusing to receive into evidence the cooperation agreement between the Government and one of its witnesses. Clarke also raises several claims *pro se*, *inter alia*, that the conspiracy charged in the indictment ended more than five years before his prosecution thereby rendering his conviction time-barred. We assume the parties' familiarity with the facts, procedural history, and the issues on appeal.

Any error the district court may have made in limiting Clarke's cross-examination of the Government's cooperating witness was harmless beyond a reasonable doubt. *Cf. Chapman v. California*, 386 U.S. 18, 24 (1967) (establishing standard of review for asserted constitutional violations of criminal procedure rules). The same is true of the district court's handling of the written cooperation agreement itself. The record shows that Clarke was allowed to question the cooperating witness extensively about his understanding of the cooperation agreement, what he stood to gain from it and what he believed were his responsibilities under it. Additionally, the

2

Government elicited testimony from the cooperating witness about the nature of the cooperation agreement and his interpretation of it. Thus, with respect to the effect the cooperation agreement may have had on the cooperating witness's motive to testify, the jury was exposed to sufficient facts from which the jurors could draw inferences about the witness's credibility. *Cf. Davis v. Alaska*, 415 U.S. 308, 318 (1974) (identifying the point at which limitations on a defendant's right to cross-examine a government's witness implicates the Confrontation Clause).

Clarke's prosecution was timely. He was charged with and convicted of participating in a conspiracy running through early 2002. Evidence relating to Detective Murray's search of a van on Monticello Avenue around December 15, 2001 is sufficient to show the conspiracy continued through at least that date. Because Clarke was indicted in January 2005, his prosecution was within the five year statute of limitations applicable to his crime. *See* 18 U.S.C. § 3282.

We have considered all of Clarke's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3